JOHN H. OWOC

3052 N. Atlantic Blvd.

Fort Lauderdale, FL 33308

Pro Se Plaintiff

Email: jackowoc.ceo@gmail.com

May 19, 2025

```
FILED BY ABM D.C.
MAY 19 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.
```

Hon. Cecilia M. Altonaga

Chief United States District Judge

United States District Court

Southern District of Florida

400 North Miami Avenue, Room 12-2

Miami, Florida 33128

Re: Formal Demand for Reassignment Back to Judge Rodney Smith and Full Disclosure of Judicial Reassignment Procedures in Owoc v. Russin, Case No. 25-CV-60138

Dear Chief Judge Altonaga,

I write to formally object to the reassignment of my case, John H. Owoc v. Hon. Peter D. Russin, Case No. 25-CV-60138, from the Honorable Judge Rodney Smith to Judge David S. Leibowitz. This reassignment is not only procedurally defective under 28 U.S.C. § 455 but contributes to a deeply troubling pattern of judicial manipulation and corruption within the Southern District of Florida—particularly related to the bankruptcy bench.

I. Complexity of Legal Issues

This case implicates overlapping areas of law, including:

- Bankruptcy Law – involving concealment of multi-billion-dollar offers, fraudulent DIP financing, and court-authorized theft of estate assets.

- Constitutional Law – including violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments.

- Civil Rights Law – brought under 42 U.S.C. § 1983 for deprivation of liberty and property rights under color of law.

- Criminal Law – including allegations of RICO predicate acts such as obstruction, perjury, fraud, and judicial conspiracy.

- Judicial Ethics – centered on misconduct by Judge Peter D. Russin.

- Federal Procedure – demanding knowledge of recusal, immunity doctrines, and constitutional threshold tests.

Only a seasoned Article III judge with substantial experience in judicial ethics, bankruptcy misconduct, and constitutional litigation is fit to manage this case.

II. Why Judge Rodney Smith Must Be Reassigned

Judge Rodney Smith has extensive and relevant experience:

- Over a decade of judicial service, including in state and federal courts.
- Current U.S. District Judge since 2019, with a proven record of fairness.
- Prior Assistant State Attorney and complex litigation experience.
- Well-versed in constitutional law, misconduct, and due process claims.

He was originally assigned to this case—yet, without explanation, justification, or cause, he issued a recusal order under 28 U.S.C. § 455. There is no factual basis or legal justification in the record, violating multiple precedents that require a reasoned basis for judicial disqualification.

III. Judge David S. Leibowitz is Unqualified and Compromised

Judge David S. Leibowitz is fundamentally unfit to preside over this case:

- Appointed in March 2024, with less than one year on the federal bench.
- No known experience adjudicating constitutional, RICO, or judicial misconduct cases.
- Close familial ties to Norman Braman, a powerful Florida billionaire and bipartisan political megadonor, further raise the appearance of impropriety.
- As a new judge, the inherent pressure to align with institutional expectations—especially in a case against a sitting bankruptcy judge—raises real concerns of bias and intimidation.

IV. Procedural Invalidity of the Reassignment Under 28 U.S.C. § 455

Recusal under 28 U.S.C. § 455 requires an articulated reason on the record. That did not occur here. Relevant case law includes:

- United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993):

"Section 455(a) requires that the grounds for disqualification appear on the record…"

- Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988):

Recusal must not be used to manipulate forum selection or evade accountability.

- Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009):

Where judicial integrity is in question, recusal must withstand scrutiny to prevent due process violations.

- Williams v. Pennsylvania, 579 U.S. ___ (2016):

Judges must be disqualified if there is even an appearance of partiality.

The Clerk's reassignment citing § 455—absent any explanation from Judge Smith—renders the reassignment invalid and potentially void.

V. The Deep Irony: Why This Is Exactly What the Lawsuit Is About

Judge Russin, the defendant, has publicly and emphatically refused to recuse himself, despite overwhelming evidence of corruption, bias, and misconduct. As a result, I was forced to file a formal motion for disqualification with Chief Bankruptcy Judge Eric P. Kimball.

Now, as irony would have it, the one judge capable of fairly hearing this case—Rodney Smith—quietly recuses himself without cause, and the case is reassigned to a politically connected, unqualified judge. This is not coincidence—it is coordinated judicial evasion, and it is precisely the kind of conduct this lawsuit seeks to hold accountable.

## VI. Formal Demands

Accordingly, I hereby demand:

1. Immediate Reassignment Back to Judge Rodney Smith

Unless a legitimate, fact-specific explanation is docketed for Judge Smith's recusal, this case must be returned to him for adjudication.

2. Full Disclosure of the Reassignment Process

- The full method of reassignment (random wheel, internal protocol, special designation);
- The complete list of judges eligible at the time of reassignment;
- All communications or internal memoranda surrounding Judge Smith's recusal.

3. Hearing or Administrative Review

If the Court refuses to reassign the case, I request a formal review of the reassignment process by the Chief Judge or a special panel to ensure constitutional safeguards and public trust are upheld.

## VII. Conclusion

This case represents one of the most serious challenges to judicial accountability in recent South Florida history. Reassigning it to an inexperienced and institutionally compromised judge not only undermines Plaintiff's due process rights—it reinforces the claim that the judiciary here is protecting its own. The public deserves better. I respectfully urge this Court to correct course.

Sincerely,

John H. Owoc

Pro Se Plaintiff

Email: jackowoc.ceo@gmail.com

CC:

Angela E. Noble, Clerk of Court

United States District Court, Southern District of Florida