UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-cv-60138-DSL

JOHN OWOC,

    Plaintiff,

v.

HON. PETER D. RUSSIN

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6), Defendant United States Bankruptcy Judge Peter D. Russin ("Judge Russin" or "Defendant"), by and through the undersigned Assistant United States Attorney, hereby moves to dismiss Plaintiff's Amended Complaint with prejudice, and states as follows:

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

Defendant, Judge Russin, is a United States Bankruptcy Judge for the Southern District of Florida. Plaintiff, dissatisfied with Judge Russin's rulings in his company's bankruptcy proceeding, has filed this lawsuit challenging them. Plaintiff's Amended Complaint is a textbook example of an impermissible attack on judicial rulings cloaked as a civil rights and RICO action. Each allegation stems from acts performed by Judge Russin in the course of presiding over Vital Pharmaceuticals' bankruptcy—a proceeding indisputably within his jurisdiction. As such, absolute judicial immunity applies, and the complaint must be dismissed with prejudice.

On January 24, 2025, Plaintiff filed his original Complaint [DE 1]. Judge Russin filed his Motion to Dismiss on May 6, 2025 [DE 5]. On May 20, 2025, Plaintiff filed his Response to Judge Russin's Motion to Dismiss [DE 8]. Judge Russin then filed his Reply in Support of Motion to

1

Dismiss on May 27, 2025 [DE 10]. After filing his Response to Defendant's Motion to Dismiss, and while the Motion to Dismiss the original Complaint is still pending, Plaintiff filed his Amended Complaint on May 27, 2025 [DE 12].

Plaintiff's Amended Complaint is largely identical to the original Complaint, with additional allegations and a defamation per se count added. *See generally* Amended Complaint. Furthermore, as exhibits to the Amended Complaint, Plaintiff filed a hearing transcript and various pleadings filed in the underlying bankruptcy proceeding. These exhibits, all part of the underlying bankruptcy proceeding, only further Judge Russin's arguments outlined in the initial Motion to Dismiss that he is entitled to absolute judicial immunity and this case must be dismissed with prejudice.

Furthermore, Plaintiff fails to state a claim in his Amended Complaint, and it should be dismissed under Rule 12(b)(6). Additionally, Plaintiff still has not cured his failure to properly serve Defendant pursuant to Federal Rule of Civil Procedure 4(i), despite being on notice of this failure since May 6, 2025. Plaintiff filed his Complaint on January 24, 2025. *See* DE 1. Because Judge Russin is sued in his individual capacity for acts made in connection with his duties performed on the United States' behalf, Plaintiff must serve both Judge Russin personally and the United States. *See* F.R.C.P. 4(i)(3). This includes service on the United States Attorney for the Southern District of Florida and mailing a copy to the Attorney General of the United States of America. *See* F.R.C.P. 4(i)(1). Plaintiff has only served Judge Russin personally and has made no attempt to serve the United States. *See generally* docket (demonstrating that no summons has been requested or issued to either the United States Attorney's Office for the Southern District of Florida and no summons has been requested or issued to the Attorney General of the United States of

America). The deadline for Plaintiff to effectuate service was April 24, 2025. *See* F.R.C.P. 4(m). This deadline has passed, and Plaintiff failed to effectuate service.

Thus, Judge Russin requests that this Court dismiss the claims against him with prejudice. Judge Russin has absolute judicial immunity, and in any event, Plaintiff fails to state any claim. Alternatively, this Court should dismiss the Amended Complaint for lack of service of process and lack of personal jurisdiction. The fact that Plaintiff was on full notice of the deficiencies of his claims after the briefing of the initial Motion to Dismiss and yet still failed to correct these deficiencies in the Amended Complaint sets forth the utter futility of permitting further amendments, and this case should be dismissed with prejudice.

## II. BACKGROUND

Plaintiff has an interest in an entity called Vital Pharmaceuticals, Inc. This entity filed Chapter 11 in 2022, and Judge Russin has presided over the case since its inception. *See in re Vital Pharmaceuticals, Inc.,* No. 0:22-bk-17842 (Bankr. S.D. Fla.).[1]  Plaintiff's Amended Complaint challenges various rulings and actions taken by Judge Russin while administering the bankruptcy proceeding. Specifically, Plaintiff takes issue with: (1) the confiscation of Plaintiff's computer in June 2023[2] in the bankruptcy proceeding[3]; (2) alleged suppression of testimony regarding $3.7 billion offer in the bankruptcy proceeding[4]; (3) the allocation of funds regarding Truist Bank and DIP financing in the bankruptcy proceeding[5]; and (4) orders regarding Plaintiff's

---

[1] "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider." *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citations omitted); *see also* Fed. R. Evid. 201.
[2] *See in re Vital Pharmaceuticals, Inc.,* No. 0:22-bk-17842 at docket entries 2678, 2692, 2695, 2697, 2823, 2837, & 2881.
[3] *See* DE 12 at ¶¶ 10-12.
[4] *See* DE 12 at ¶¶ 13-14.
[5] *See* DE 12 at ¶¶ 15-18.

3

social media accounts in the bankruptcy proceedings[6]. Plaintiff also alleges Judge Russin directed court personnel to prevent Plaintiff from bringing electronic devices into the courtroom[7].

Plaintiff's claims for relief are: (a) Claim 1 for violations of the First Amendment[8]; (b) Claim 2 for violation of the Fourth and Fifth Amendments[9]; (c) Claim 3 for violations of RICO (18 U.S.C. § 1962)[10]; and (d) Claim 4 for defamation per se[11].

Accordingly, all of the conduct at issue arises from actions Judge Russin undertook in his judicial capacity while presiding over the bankruptcy case. As such, Judge Russin is entitled to absolute judicial immunity from the claims asserted in the Amended Complaint. Furthermore, Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Finally, this Court lacks personal jurisdiction over Judge Russin due to Plaintiff's failure to effectuate service under Federal Rule of Civil Procedure 4. For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

## III.   LEGAL STANDARD

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Where the challenge is "facial," "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Id.* (quotations omitted). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently

---

[6] *See* DE 12 at ¶¶ 19-21.
[7] *See* DE 12 at ¶¶ 22-31.
[8] *See* DE 12 at ¶¶ 35-37.
[9] *See* DE 12 at ¶¶ 38-44.
[10] *See* DE 12 at ¶¶ 45-46.
[11] *See* DE 12 at ¶¶ 47-57.

alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotations omitted).

In general, to survive a Rule 12(b)(6) motion for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' … Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff is proceeding *pro se*. Although courts "are to give liberal construction to the pleadings of pro se litigants, [courts] nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted). Moreover, "the Court cannot act as an advocate on Plaintiff's behalf and will not conduct his legal research for him." *Crosby v. Florida*, 2022 WL 1289337, at *1 (M.D. Fla. Apr. 29, 2022) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). "Pro se litigants cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim ... Judges cannot and must not fill in the blanks for pro se litigants; they may only cut some linguistic slack in what is actually pled." *Williams v. U.S. Citizenship & Immigration Services ("USCIS")*, 2023 WL 8079947, at *2 (S.D. Fla. Nov. 21, 2023) (quotations and alterations omitted).

Further, "when amendment is futile, dismissal with prejudice is merited." *In re Amar*, 2019 WL 10733912, at *1 (Bankr. M.D. Fla. June 25, 2019); *see also Rivas v. Small*, 2017 WL 6551159,

at *1 (S.D. Fla. Nov. 3, 2017) ("[D]ismissal is with prejudice since leave to amend would be futile.").

## IV.   ARGUMENT

Plaintiff's claims are meritless. Judge Russin is entitled to absolute judicial immunity; alternatively, Plaintiff fails to state a claim; and alternatively, Plaintiff failed to effectuate service as required by the Federal Rules of Civil Procedure. Moreover, it is "beyond doubt" that Plaintiff "can prove no set of facts which would entitle [him] to relief," and his claims should thus be dismissed "with prejudice." *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1070 (11th Cir. 2004).

### A. Absolute Judicial Immunity Bars All Claims.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quotation omitted). "The immunity applies even when the judge's conduct was in error, was done maliciously, or was in excess of his authority." *Id.* (quotations omitted). "This absolute immunity is intended for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (quotation omitted). "A judge's errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Id.* (quotation omitted). "Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." *Id.* (quotation omitted).

Bankruptcy judges, like other judges, are entitled to the immunity. *See id.* ("Absolute immunity is not reserved for Article III judges only"); *see also Boullion v. McClanahan*, 639 F.2d

213, 214 (5th Cir. 1981)[12] (trustee appointed and supervised by bankruptcy judge was entitled to "derived immunity"); *Tucker v. Abram*, 1993 WL 60605, at *1 (S.D.N.Y. Mar. 1, 1993) ("Judicial immunity extends to judges of the United States Bankruptcy Court.")

Here, all of Plaintiff's allegations concern acts Judge Russin undertook while presiding over judicial proceedings squarely within his jurisdiction. This is a textbook case for judicial immunity: Plaintiff, an "unsatisfied litigant[]," is bringing "litigation charging malice or corruption" against Judge Russin based on his rulings in judicial proceedings. *Stevens*, 877 F.3d at 1301. Even to the extent Plaintiff's conclusory allegations could be taken as true, they at best allege that Judge Russin's conduct was "in error, was done maliciously, or was in excess of [his] authority." *Id.* (quotation omitted). But judicial immunity always applies except as against "actions not taken in the judge's judicial capacity" and "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). That is not the case here.

Plaintiff complains of judicial actions taken in proceedings over which Judge Russin had jurisdiction. *Cf Mireles*, 501 U.S. at 12-13 (judge who ordered officers to use "excessive force" to bring attorney who was late for court into his courtroom was entitled to judicial immunity). Plaintiff complains of: (1) Judge Russin's orders regarding Plaintiff's computer in the bankruptcy proceeding, (2) the manner in which Judge Russin presided over a hearing and sale in the bankruptcy proceeding, (3) Judge Russin's allocation of funds in the bankruptcy proceeding, (4) orders regarding social media accounts in the bankruptcy proceeding, and (5) orders regarding the use of electronic devices in the courtroom during bankruptcy hearings. These are all clearly judicial

---

[12] Fifth Circuit decisions issued on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

7

acts committed within Judge Russin's judicial jurisdiction of the bankruptcy proceeding, and Judge Russin therefore has absolutely judicial immunity against Plaintiff's claims.

Plaintiff anticipates this argument in his Amended Complaint, and argues that *Forrester v. White*, 484 U.S. 219 (1988) and *Stump v. Sparkman*, 435 U.S. 349 (1978), precludes absolute immunity[13]. Not so. In *Forrester*, the state court judge's conduct concerned his employment decision to demote and dismiss a court employee, and that court employee then filed a damages action under 42 U.S.C. § 1983, "alleging that she was demoted and discharged on account of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment." *Forrester*, 484 U.S. at 219. Thus, *Forrester* did not address the state court judge's conduct in any judicial proceeding, but rather in his role as an employer, and the *Forrester* case is wholly different from the situation here. Next, in *Stump*, the Supreme Court held that the state court judge **did** have absolute judicial immunity when he approved a petition, on the same day he received the petition, to sterilize a fifteen-year-old girl in an *ex parte* proceeding without a hearing and without notice to the daughter or appointment of a guardian ad litem. *Stump*, 435 U.S. at 349-351. The Supreme Court determined that, even if the approval of the petition was in error, the state court judge is immune because he had the jurisdiction to decide these petitions for sterilization as vested by Indiana law. *Id*. at 364. Again, this case cited by Plaintiff in the Amended Complaint supports the fact that Judge Russin has absolute judicial immunity in this case. Indeed, allegations of legal error, improper motive, or abuse of discretion do not pierce judicial immunity so long as the conduct occurred in the judge's judicial capacity. *Mireles*, 502 U.S. at 11–12.

---

[13] *See* DE 12 at ¶ 3.

Accordingly, this Court should dismiss Plaintiff's claims with prejudice based on judicial immunity.

### B. <u>Plaintiff Fails to State a Claim.</u>

Even if this Court rejects Judge Russin's claim to absolute judicial immunity and proceeds to the merits, it is clear that Plaintiff fails to state any claim for relief. This Court should dismiss on this alternative ground. Plaintiff's Amended Complaint brings claims for § 1983 retaliation for First Amendment protected free speech (Claim I), § 1983 deprivation of property without due process (Claim II), 18 U.S.C. § 1962 (Claim III), and defamation per se (Count IV).

#### i. *The § 1983 Counts Fail to State Claim.*

Judge Russin is a federal official—not a state official. Claims I and II fail as a matter of law because 42 U.S.C. § 1983 does not apply to federal officers acting under color of federal law. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). Plaintiff has not pled—and cannot plead—facts establishing state action as required under § 1983. Section 1983 creates a right of action against any individual acting "under color" of the law "of any State or Territory or the District of Columbia" who deprives a citizen of constitutional rights. Because this statute, by its terms, applies only to state officials, "Section 1983 does not apply to federal actors acting under color of federal law." *Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973)). Likewise, "Section 1981 provides a cause of action for individuals subjected to discrimination by private actors and discrimination under color of state law but does not provide a cause of action for discrimination under color of federal law." *Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998). "So too for §[] 1982." *Wine v. Dep't of the Interior*, 2022 WL 3715799, at *6 (D.D.C. Aug. 29, 2022) (citing *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017) ("[F]ederal employees acting in their official

capacities are immune from liability for alleged violations of ... [all] provision[s] of the Civil Rights Act." (cleaned up)).[14]

Consequently, in addition to dismissal based on judicial immunity discussed above, Claims I and II should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

    *ii.*  *The RICO Count fails to state a claim.*

Civil RICO claims are notoriously difficult to plead and subject to exacting scrutiny. Courts routinely dismiss such claims when the allegations are vague, conclusory, or attempt to convert ordinary legal grievances into criminal conspiracies. Plaintiff' fails to state a claim for "violation of RICO" at 18 U.S.C. § 1961 as the two paragraphs of allegations are wholly insufficient and conclusory. *See* DE 12 at ¶¶ 45-46. A violation of RICO is difficult to allege and prove, and "it

---

[14] This Court should not construe Plaintiff's § 1983 claim as a *Bivens* claim against a federal official. But even if it were to do so, a *Bivens* claim would fail. In assessing a *Bivens* claim, courts "ask whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quotations and alterations omitted). And "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (quotations omitted). Plaintiff's claim involves a new context because it is wholly unlike any of the three *Bivens* cases recognized by the Supreme Court and is brought against a different type of defendant—a federal bankruptcy judge. And "[t]he newness of this 'new context' should alone require dismissal." *Id.* (quotation omitted). Furthermore, the ability for Plaintiff to appeal Judge Russin's decisions in the bankruptcy proceeding is a special factor which counsels against creating a *Bivens* remedy. Moreover, the Supreme Court has specifically held that no *Bivens* action is available for first amendment retaliation, *Egbert*, 596 U.S. at 498, and most due process claims, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (collecting authority). Moreover, "federal courts routinely find that *Bivens* does not provide any cause of action against federal judges in their individual capacities." *Thomas v. Barker*, Case No. 25-cv-066 JDK-KNM, 2025 WL 978993, at *4-5 (E.D. Tex. March 7, 2025) (collecting cases), *report and recommendation affirmed* at Case No. 25-cv-066-JDK-KNM, docket entry 14 (E.D. Tex. April 1, 2025).

Case 0:25-cv-60138-DSL   Document 16   Entered on FLSD Docket 06/09/2025   Page 11 of 16

cannot be invoked every time a group of people causes an injury." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1208 (11th Cir. 2020).

As a threshold matter, Plaintiff does not identify if he alleges a violation of RICO under 18 U.S.C. § 1962(a), 18 U.S.C. § 1962(b), 18 U.S.C. § 1962(c), or 18 U.S.C. § 1962(d). In order to state a claim under RICO, Plaintiff must establish that Judge Russin "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016) (internal citations omitted). In order to prove an "enterprise," Plaintiff must prove "an *ongoing* organization, formal or informal, and ... evidence that the various associates function as a *continuing* unit." *Dysart v. BankTrust*, 516 Fed Appx. 861, 864 (11th Cir. 2013) (internal citations omitted) (emphasis in original).

Next, in order to prove a "pattern of racketeering activity," Plaintiff "must charge that the defendants committed two or more predicate acts within a ten-year time span." *Id.* (internal citations omitted) (cleaned up). He must likewise prove that "the racketeering predicates are related, *and* that they amount to or pose a threat of *continued* criminal activity." *Id.* (internal citations omitted). This racketeering activity must "involve[e] at least two predicate criminal acts." *Cisneros*, 972 F.3d at 1208. This 'predicate act' "includes any of a long list of state and federal crimes" and "a plaintiff must put forward enough facts with respect to each predicate act to make it independently indictable as a crime." *Id*. at 12-15-1216 (citing U.S.C. § 1961(1)). Furthermore, Plaintiff must "allege with particularity that each defendant engaged in a pattern of racketeering activity." *Id*. at 1208.

"A civil plaintiff must also show '(1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation.'" *Ray*, 836 F.3d at 1348 (citing

11

*Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282–83 (11th Cir. 2006), abrogated on other grounds as recognized in *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 714–15 (11th Cir. 2014)). In other words, Plaintiff must prove a substantive RICO violation and that this substantive RICO violation "led directly to the [P]laintiff's injuries." *Id*. at 1349.

Here, Plaintiff's allegations fall woefully short of alleging a cognizable claim for violation of RICO. He simply alleges, in a conclusory manner, that, "Defendant's actions were part of a broader scheme involving high-ranking law firms, banks, and consultants to suppress competition, diminish creditor recoveries, and enrich select parties" and "Plaintiff suffered significant financial harm as a result of this alleged racketeering activity, which undermined the integrity of the bankruptcy process." *See* DE 12 at ¶¶ 45-46. Plaintiff fails to sufficiently allege every element required to state a claim for violation of RICO. Specifically: (1) Plaintiff fails to allege that Judge Russin operated or managed an enterprise, as he does not even identity the "organization" that Judge Russin "operated or managed," let alone the "various associate(s)" involved, and fails to allege that this "organization" functioned as a "continuing unit"; (2) Plaintiff fails to allege any predicate criminal acts, let alone two or more criminal acts within a ten-year time span, and fails to allege any facts relating to these unidentified criminal acts; (3) Plaintiff fails to allege the criminal acts are related and fails to allege they amount to or pose a threat of continued criminal activity; (4) Plaintiff fails to identify the other defendants involved in this alleged scheme, only referring to "high-ranking law firms, banks, and consultants," and fails to allege with particularity—or even at all—how each defendant engaged in a pattern of racketeering activity; (5) Plaintiff fails to sufficiently allege the injury to his business or property; and (6) Plaintiffs fails to allege that the RICO violation led directly to any alleged (unidentifiable) injury. In short,

12

Plaintiff's allegations do not come close to satisfying the stringent pleading requirements for a civil RICO claim, and the claim should be dismissed with prejudice.

> iii. *The Defamation Count fails to state a claim.*

Finally, Plaintiff fails to allege a claim for defamation per se. "Defamation, which includes libel and slander, is generally defined as 'the ***unprivileged*** publication of false statements which naturally and proximately result in injury to another.'" *Alan v. Wells Fargo Bank, N.A.*, 604 Fed. Appx. 863, 865 (11th Cir. 2015) (emphasis added) (citing *Wolfson v. Kirk*, 273 So.2d 774, 776 (Fla. 4th DCA 1973)). In order to state a claim for defamation, "the plaintiff must allege that '(1) the defendant published a false statement, (2) about the plaintiff, (3) to a third party, and (4) that the falsity of the statement caused injury to the plaintiff.'" *Id*. (citing *Valencia v. Citibank Int'l*, 728 So.2d 330, 330 (Fla. 3rd DCA 1999)). In a defamation per se claim, "the plaintiff does not need to show any special damages" because "[p]er se defamatory statements are so obviously defamatory and damaging to reputation that they give rise to an absolute presumption of both malice and damage." *Id*. (internal citations omitted).

Importantly, "defamatory statements made in the course of judicial proceedings are absolutely privileged, no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of injury" and a claim for defamation "that are based on statements made in connection with a judicial proceeding are not actionable." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Insur. Co.*, 639 So. 2d 606, 607-608 (Fla. 1994) (internal citations omitted). "The immunity afforded to statements made during the course of a judicial proceeding extends not only to the parties in a proceeding but to judges, witnesses, and counsel as well." *Id*. at 608.

Here, Plaintiff fails to state a claim because the alleged defamatory statements were made during the course of the judicial proceedings and, therefore, are absolutely privileged. *Id*. They were made during the bankruptcy proceeding, referring to Plaintiff's actions during the bankruptcy proceeding. *See* DE 12 at ¶ 49. The immunity afforded to these statements applies to Judge Russin. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A*, 639 So. 2d at 608. Additionally, Plaintiff fails to allege in a non-conclusory fashion the four elements required for a defamation claim and that these statements "are so obviously defamatory and damaging to reputation that they give rise to an absolute presumption of both malice and damage." *Ala.*, 604 Fed. Appx. at 865.

In addition to dismissal based on judicial immunity discussed above, Claim IV should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## C. **Service Was Improper, and This Court Lacks Personal Jurisdiction.**

This Court should dismiss for improper service of process and a corresponding lack of personal jurisdiction. Under Rule 12(b)(2), a court must dismiss a case if it lacks personal jurisdiction over a defendant. A plaintiff must satisfy "the procedural requirement of service" for a federal court to exercise personal jurisdiction over a defendant. *Managed Care Advis. Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1156 (11th Cir. 2019) (quotation omitted). Thus "where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)

A court may also dismiss an action under Rule 12(b)(5) for insufficient service of process. *See Rhodes v. Wilkie*, 2019 WL 3934451, at *2 (M.D. Fla. Aug. 20, 2019) ("A defendant may move for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for insufficient

service of process pursuant to Rule 12(b)(5)."). Initially, the defendant "must describe with specificity how the service of process failed to meet the procedural requirements" of Federal Rule of Civil Procedure 4. *Fru Veg Mktg. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1181 (S.D. Fla. 2012) (quotation omitted). The burden then shifts to the plaintiff to show proper service of process. *Id.*

Here, because Judge Russin is a federal officer sued for acts or omissions undertaken in connection with his official duties, Plaintiff was required to serve both Judge Russin personally and the United States. This includes serving the United States Attorney for the Southern District of Florida and sending a copy to the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1), 4(i)(3). Plaintiff failed to perfect service because he did not serve the United States — specifically, he did not serve the United States Attorney for the Southern District of Florida or transmit a copy to the Attorney General of the United States. Accordingly, the burden shifts to Plaintiff to show that service was proper.

Plaintiff cannot meet that burden. Because service was ineffective, the Court should dismiss the Amended Complaint on this independent ground. *See Rhodes*, 2019 WL 3934451 (dismissing complaint for failure to properly serve federal defendant); *Thomas v. Box*, 231 F. App'x 858, 860 (11th Cir. 2007) (same).

V. **CONCLUSION**

Because all claims are barred by judicial immunity and fail as a matter of law, and because Plaintiff has already amended without curing these fatal deficiencies, dismissal with prejudice is warranted.

Dated: June 9, 2025

Respectfully submitted,

**HAYDEN P. O'BYRNE**
**UNITED STATES ATTORNEY**

By: ***Mary Beth Ricke***
MARY BETH RICKE
Fla Bar No. 107213
Assistant United States Attorney
Email: mary.ricke@usdoj.gov
500 E. Broward Blvd., Suite:700
Fort Lauderdale, Florida 33394
Tel.: (954) 660-5137
Fax: (954) 356-7180
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on June 9, 2025, a copy of this filing is being mailed by U.S. mail to:

John H. Owoc
PRO SE
3052 N. Atlantic Blvd.
Fort Lauderdale, Florida 33308

*/s/ Mary Beth Ricke*
Assistant United States Attorney